WEST SHORE RAILROAD COMPANY ET AL., PROSECU-
TORS, v. THE BOARD OF PUBLIC UTILITY COMMIS-
SIONERS, DEFENDANT.

Submitted October 14, 1932—Decided March 1, 1933.

Before Justices BODINE and DONGES.

For the prosecutors, *Wall, Haight, Carey & Hartpence.*

For the defendant, *Frank H. Sommer* and *John A. Bernhard.*

PER CURIAM.

This writ of *certiorari* brings up an order of the board of public utility commissioners, dated June 25th, 1931, modifying a previous order which directed the elimination of a grade crossing at Bogota. The West Shore Railroad Company, the owner of the tracks, and the New York Central Railroad Company, the lessee, attack the order. There is no contention that the crossing should not be eliminated but the controversy turns around the plan to be adopted.

On October 29th, 1930, after hearings, the board ordered the work done in accordance with a plan called B-2. Thereafter upon application of the borough and certain individuals, the matter was opened and reheard. On June 25th, 1931, a new order was made directing that a different plan be followed. This is known as P-5 revised, or the board's plan. The railroads contend that the original plan, B-2, should have been retained.

Prosecutors claim that the cost of B-2 would have been approximately $498,500 and the plan adopted will cost

$595,000, an increase of about $100,000, half of which they have to pay.

It is not contended that the board was bound to adopt the cheapest plan suggested, but that, in the circumstances of this case, the added cost is unreasonable. This is the question before this court.

The added cost arises out of the necessity, under the plan adopted, of acquiring certain properties not required by B-2. The estimate of $100,000 over the other plan is based upon the high appraisals of these properties. There is testimony of the value of these properties which would indicate an increase of only $28,000 over the previous plan. There is evidence of advantages of the plan adopted over the one replaced, namely, certain streets would be left open and the route would be a more direct one. The public will be better served by the plan adopted, and the additional outlay involved is slight, when compared with the advantages derived therefrom.

We conclude that the prosecutors have failed to establish that the determination of the board was not reasonably supported by the evidence, or that the order was unreasonable and in violation of prosecutors' rights.

The writ is discharged, with costs.